NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANDRA ROBINSON,<br><br>Plaintiff,<br>v.<br><br>COMPASS GROUP USA, INC, et al.,<br><br>Defendants. | Civil Action No. 22-00241 (GC) (TJB)<br><br>**MEMORANDUM OPINION** |

CASTNER, District Judge

## I. INTRODUCTION

This matter comes before the Court by way of a Motion to Dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6) filed by Defendants Hackensack Meridian Health, Inc. ("HMH"), Jersey Shore University Medical Center ("JSUMC"), and Annamarie Cutroneo (collectively, the "Hackensack Defendants"). (ECF No. 28.) Plaintiff Sandra L. Robinson ("Plaintiff") opposed the Motion to Dismiss (*see* ECF Nos. 29 and 32), and Defendants replied (*see* ECF No. 31). The Court has carefully considered the parties' submissions and decides the motion without oral argument pursuant to Rule 78 and Local Civil Rule 78.1. For the reasons set forth below, and good cause shown, Defendants' Motion to Dismiss (*see* ECF No. 28) is **GRANTED**.

## II. BACKGROUND

### A. Procedural Background

Plaintiff filed her original Complaint on January 19, 2022. (ECF No. 1) The Complaint asserts several claims against the Hackensack Defendants, Compass Group USA, Inc.

1

("Compass"), Morrison Healthcare, and Amit Mehta for violations of 42 U.S.C. § 1981 and § 1983; discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"); discrimination under the New Jersey Law Against Discrimination ("NJLAD"), hostile work environment, retaliation, and intentional infliction of emotion distress. (*Id.* at ¶¶ 88-121.) On April 25, 2022, Plaintiff filed a cross-motion to amend her Complaint (*see* ECF No. 21), which was granted by the Court on August 18, 2022 (ECF No. 27), and the First Amended Complaint ("FAC") (*see* ECF No. 21) is the operative pleading. In the FAC, Plaintiff withdrew her § 1983 claim, but added allegations about her alleged joint employment between Compass/Morrison and HMH and JSUMC.

The Hackensack Defendants move to dismiss Count Two of Plaintiff's FAC, which alleges violations of Title VII.

### B.     Factual Background[1]

Plaintiff previously worked as a nutrition manager for Morrison, which is a division of Compass. (ECF No. 21 ¶ 13.) Morrison is a contractor that provides health-related food and nutrition services to hospitals and other healthcare facilities. (*Id.* ¶ 21.) Compass maintained a contract with HMH and JSUMC, where Plaintiff was assigned, although Plaintiff visited other hospitals or healthcare facilities as needed. (*Id.* ¶¶ 21, 46, 56-57.) Plaintiff was terminated by Morrison on May 17, 2021. (*Id.* ¶ 93.)

Plaintiff originally accepted her severance package, but ultimately exercised her right to revoke on June 14, 2021. (*Id.* ¶¶ 93-94.) Plaintiff alleges that she exhausted her administrative

---

[1]     On a Rule 12(b)(6) motion for failure to state a claim, "a court must 'accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff.'" *Doe v. Princeton Univ.*, 30 F.4th 335, 340 (3d Cir. 2022) (quoting *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008)).

remedies under Title VII by filing a charge with the Equal Employment Opportunity Comsmission ("EEOC") which allegedly provided her with a Right-to-Sue letter on December 1, 2022 (ECF No. 29 at 6-8). Plaintiff did not attach the original EEOC charge to her initial Complaint or the FAC. (*See* ECF Nos. 1 and 21.) Plaintiff attaches her EEOC Complaint to her Opposition, but the page is blank. (ECF No. 29 at 4.) Plaintiff also attaches to her Opposition, a "Notice of Right to Sue (Issued on Request)" indicating that the EEOC "is terminating its processing of this charge" and "that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge." (ECF No. 29 at 8.)

The Notice of Right to Sue does not identify the entity against whom Plaintiff filed the charge, and Plaintiff does not allege in the operative Complaint that she ever filed an EEOC charge against the Hackensack Defendants. The Hackensack Defendants assert in their motion papers that they were never served with either an initial EEOC charge or a Notice of Right to Sue and therefore Plaintiff has failed to exhaust her administrative remedies in relation to her Title VII claim. (ECF No. 28-1 at 3.)

### III.   LEGAL STANDARD

Under Title VII, a plaintiff must first file a claim with the EEOC against the relevant Title VII defendants before bringing a claim in federal court. *Fort Bend Cnty., Texas v. Davis*, 139 S. Ct. 1843, 1851 (2019) (finding that Title VII requires complainants to file a charge with the EEOC and wait a specified period before bringing a civil suit (citing 42 U.S.C. § 2000e–5)); *Santiago v. City of Vineland*, 107 F. Supp. 2d 512, 528 (D.N.J. 2000). "A complaint does not state a claim upon which relief may be granted unless it asserts the satisfaction of the precondition to suit

specified by Title VII: prior submission of the claim to the EEOC [ ] for conciliation or resolution." *Robinson v. Dalton*, 107 F.3d 1018, 1022 (3d Cir. 1997) (citation omitted).

However, an exception exists under Title VII where a complainant does not have to name a party if the unnamed party and the named party have "interests . . . that are identical in all significant aspects." *Glus v. G. C. Murphy Co.*, 629 F.2d 248, 251 (3d Cir. 1980), *cert. granted, judgment vacated on other grounds* by *Retail, Wholesale & Dep't Store Union, AFL-CIO v. G.C Murphy Co.*, 451 U.S. 935 (1981). The United States Court of Appeals for the Third Circuit has employed a multi-factor test when evaluating whether a Court may hear a claim for an unnamed party under Title VII, which requires the Court to examine:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named (party) are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.
>
> [*Id.*]

No single factor is decisive. *Hashem v. Hunterdon Cnty.*, Civ. No. 158585, 2016 WL 5539590, at *9 (D.N.J. Sept. 29, 2016). "The Third Circuit has found that Title VII must be construed liberally to prevent its jurisdictional requirements from thwarting the statute's substantive policies." *Ford-Greene v. NHS, Inc.*, 106 F. Supp. 3d 590, 606 (E.D. Pa. 2015) (internal citation and quotations omitted).

## IV. DISCUSSION

Since Plaintiff provides no evidence that she filed an EEOC claim with respect to the Hackensack Defendants, the only way for this Court to hear Plaintiff's Title VII claim is if Plaintiff meets the G*lus* factors. *See Allen v. New Jersey Dep't of Hum. Servs.*, Civ. No. 06-5229, 2007 WL 2306664, at *9 (D.N.J. Aug. 8, 2007) (granting motion to dismiss after applying *Glus* factors).

Upon careful consideration, the Court finds that Plaintiff fails to satisfy the *Glus* factors as Compass and Morrison do not share "identical interests" with the Hackensack Defendants.

*First*, Plaintiff fails to convincingly argue that she was unaware of the Hackensack Defendants (either HMH or JSMUC) and their identities when she filed the initial EEOC charge. (*See generally* ECF Nos. 29 and 32.) As mentioned above, HMH is the parent organization of JSMUC, one of the locations where Plaintiff worked for Compass. (ECF No. 21 ¶ 21.) The fact that HMH is JSMUC's parent organization is public and widely known and could have been ascertained through reasonable effort by Plaintiff. (*See* "About Us," Hackensack Meridian Health, available at https://www.hackensackmeridianhealth.org/en/locations/jersey-shore-university-medical-center/about-us (last accessed Apr. 27, 2023) (referring to Jersey Shore University Medical Center as part of Hackensack Meridian).[2]) In opposition to the motion to dismiss, Plaintiff fails to provide any basis for not including the Hackensack Defendants in the EEOC charge. Instead, Plaintiff solely asserts that "[t]his factor weighs against Plaintiff." (ECF No. 29 at 2.) Plaintiff's failure to provide a reason why she did not name the Hackensack Defendants is

---

[2]   The Court is permitted to take judicial notice of such public information. *See In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1331 (3d Cir. 2002) (citing Fed. R. Evid. 201(b)); *Anspach ex rel. Anspach v. City of Phila.*, 503 F.3d 256, 273 n. 11 (3d Cir.2007) (noting a court may take judicial notice of facts on a motion to dismiss under Rule 12(b)(6)).

troublesome for the Court. *Borecki v. E. Int'l Mgmt. Corp.*, 694 F. Supp. 47, 54 (D.N.J. 1988) ("[T]he absence of a reasoned basis for not naming a party in an EEOC charge whose involvement is then known is surely of great significance.").

*Second*, Plaintiff fails to convincingly allege or argue how the Hackensack Defendants are so similar to Compass and Morrison that it would be unnecessary to include the Hackensack Defendants in the EEOC charge. *Glus*, 629 F.2d at 251. HMH is a healthcare system and JSUMC is a hospital while Compass and Morrison are food service contracting companies. (*See* ECF No. 21 ¶¶ 5, 6, 19, 21, 28.) Compass and Morrison provide services to HMH and JSUMC through a contractual relationship. (*See id.* ¶¶ 21, 46, 56-57.) The Court is not convinced that this alleged contractual relationship alone is sufficient to form identical interests under *Glus*. *See Goodman v. Lukens Steel Co.*, 777 F.2d 113, 128 (3d Cir. 1985), *aff'd*, 482 U.S. 656 (1987) (holding that the *Glus* exception did not apply, and that complainant was required to name the union even though a contractual relationship existed between an employer and union via a collective bargaining agreement); *Kuilan v. Sodexo Inc.*, Civ. No. 11-4567, 2012 WL 1964492 (D.N.J. May 31, 2012).

*Third*, the Hackensack Defendants' absence from the EEOC proceedings was certainly prejudicial as they were prevented from being able to respond to the EEOC charge prior to the issuance of a right-to-sue notice. As mentioned above, because the FAC's allegations make clear that Compass and Morrison are distinct entities from the Hackensack Defendants, the Court finds no reason why the Hackensack Defendants would have known about the EEOC charge unless they were named in it or how their absence can be excused under Title VII's statutory framework.

Additionally, the Court finds *Kuilan v. Sodexo Inc.*, 2012 WL 1964492 at *5 to be persuasive in determining that Compass and Morrison did not have identical interests to the Hackensack Defendants. In *Kuilan*, the plaintiff was discharged from her job at Sodexo, a food

6

service company, for making misrepresentations on a job application. *Id.* at *1. At the time, the plaintiff worked for Sodexo at Montclair State University ("MSU") where Sodexo maintained a contract. *Id.* The plaintiff filed an EEOC charge against Sodexo but did not name MSU in her charge. *Id.* at *4. As a result, MSU moved to dismiss the Title VII claim against them on the basis that they were not named in the EEOC charge, which is a statutory prerequisite to bringing suit. Like here, the court in *Kuilan* applied the *Glus* factors to determine whether there was a commonality of interests between Sodexo and MSU. *Id.* at *5. It concluded:

> Here, Plaintiff has not alleged that Montclair received notice of the EEOC charge. Furthermore, there is no commonality of interest between Food Services and Montclair under these circumstances because three of the *Glus* factors weigh against Plaintiff. It would have required minimal effort for Kuilan to ascertain the role Montclair played in her termination at the time she filed the EEOC charge. Also, Montclair's interests are different from Food Services' interests because they are different entities. In addition, Montclair's interests were prejudiced by not receiving notice because it was not given the opportunity to provide the EEOC with relevant information supporting its position.
>
> Moreover, Plaintiff mentions Montclair in the EEOC charge only in reference to an explanation of her job duties. The EEOC charge does not contain any information as to Montclair's role in Plaintiff's discharge or any other discriminatory act Montclair performed. Therefore, the EEOC charge would not have given Montclair notice or given it the opportunity to participate in remedial action.
>
> [*Id.*]

Like *Kuilan*, the Hackensack Defendants do not appear to be named in the EEOC charge and are different and distinct entities from Compass.[3] As a result, the Hackensack Defendants were not given an opportunity to participate in the EEOC proceedings and were unable to provide the EEOC

---

[3] The only entity listed in the Right to Sue Letter is Compass Group USA. (ECF No. 21 at 6.)

7

with information supporting their position, and thus were likely prejudiced by not being named in Plaintiff's EEOC charge.

Finally, Plaintiff's conclusory statement that the Hackensack Defendants were her joint employers with Compass and Morrison (without any specific factual allegations to support this statement) will not suffice. (ECF No. 29 at 2.) Like MSU in *Kuilan*, the Hackensack Defendants are not alleged to have been Plaintiff's direct employers, and there is nothing factually alleged in the FAC that would allow the Court to accept the conclusory assertion of joint-employer status. 2012 WL 1964492 at *5.

All of the *Glus* factors in this case indicate that the Hackensack Defendants' interests were not "identical in all significant aspects" with Compass and Morrison. *Glus*, 629 F.2d at 251. As a result, Plaintiff was required to name the Hackensack Defendants in her initial EEOC charge. Since it is undisputed that Plaintiff failed to name the Hackensack Defendants in the EEOC charge and failed to exhaust her administrative remedies as applied to the Hackensack Defendants, Count Two of the FAC against the Hackensack Defendants is dismissed. *Fort Bend Cnty., Texas*, 139 S. Ct. at 1851 (citing 42 U.S.C. § 2000e–5).

V.  **CONCLUSION**

For the foregoing reasons, the Court finds that Count Two of Plaintiff's FAC is **DISMISSED** against the Hackensack Defendants **WITH PREJUDICE**.

Dated: April 28, 2023

_____
GEORGETTE CASTNER, U.S.D.J.